```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| CRAIG AMIE and TINA AMIE | CIVIL ACTION |
| v. | NO. 06-3416 |
| STATE FARM FIRE AND CASUALTY COMPANY, ED SCHAUMBURG, and ABC INSURANCE COMPANY | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court are two motions: (i) plaintiffs' motion to remand and for attorneys' fees and (ii) defendant Schaumburg's motion to dismiss for insufficiency of service of process. For the reasons that follow, the plaintiffs' motion is DENIED and the defendant's motion is DENIED as moot.

<u>Background</u>

This case is just one of many filed in the wake of Hurricane Katrina's devastation.

The Amies own residential property in Chalmette, Louisiana. In 1990, State Farm Fire and Casualty Co., though their agent Ed Schaumburg, issued the Amies a homeowner's policy. The policy was renewed each year and was in effect in August 2005.

The house was damaged during Hurricane Katrina in August 2005.[1] State Farm has refused to pay for that damage, contending

---

[1] The Amies contend that Mr. Amie stayed in his home during Hurricane Katrina and observed first hand that the roof of their home was blown off, exposing the house and allowing wind and wind-driven rain to enter and damage the entire structure. At the

1

that the property was damaged or destroyed due not to wind, as the Amies claim, but instead due to flood, which State Farm maintains is a non-covered cause of loss.  The Amies sued both their insurer, State Farm, and the agent, Ed Schaumburg, who sold them their policy.  Plaintiffs say they are entitled to coverage under the clear terms of the policy.

Plaintiffs are Louisiana citizens, State Farm is a nonresident defendant, and Ed Schaumburg is a Louisiana citizen.  Thus, the parties are facially not completely diverse for this Court to exercise its jurisdiction under 28 U.S.C. § 1332.  The Amies filed their suit in state court against State Farm for breach of contract and violations of various Louisiana statutes and added Ed Schaumburg for misrepresentations and breach of fiduciary duty arising out of his alleged failure to procure adequate insurance. State Farm removed the suit to this Court.  (Ed Schaumburg did not join in the removal and has filed a separate motion to dismiss for insufficiency of service of process).

The Amies now move to remand their case back to the 34th Judicial District for the Parish of St. Bernard.  State Farm opposes remand, asserting that diversity jurisdiction exists because the local defendant, Ed Schaumburg, was improperly joined to defeat diversity and that the Court must therefore disregard his

---

time he left, Mr. Amie asserts that the house was "in shambles" but that there were no flood waters at that time so he drove away; apparently, the Amies' home later flooded.

citizenship in assessing diversity jurisdiction. Alternatively, State Farm contends that this Court has jurisdiction under either 28 U.S.C. §§ 1369 or 1441(e)(1) of the Multiparty, Multiforum Trial Jurisdiction Act.

## I.   Standard for Remand

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Defendants contend that this Court should disregard the citizenship of the improperly joined local defendant and exercise its diversity jurisdiction. Alternatively, if the Court determines that Schaumburg was properly joined, defendants invoke this Court's jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1).

## II.   Diversity Jurisdiction

To exercise diversity jurisdiction, complete diversity must

exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

State Farm contends that this Court has diversity jurisdiction because Ed Schaumburg, as an in-state defendant sharing the Amies' Louisiana domicile, was improperly joined by the Amies to defeat diversity jurisdiction.  The Court agrees.

### A.  Improper Joinder Standard

A plaintiff may not join a defendant in a suit to defeat diversity jurisdiction unless the plaintiff has a viable claim against that defendant.  When determining whether the plaintiff has a viable claim,"...the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," so long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 629-30 (3d ed. 1998). "The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party.  Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983).

"The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of

4

jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." Doe v. Cutter Biological, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 343 (2 ed. 1985)). The Court, however, should not pretry the case. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability", the essential standard has been the same. See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).

A full scale evidentiary hearing is improper for determining fraudulent joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary

5

determination." Green, 707 F.2d at 204. The scope of the inquiry for fraudulent joinder, however, goes beyond to pleadings to include summary judgment-type evidence. Travis, 326 F.3d at 648-49. Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder. Id. at 648.

The removing party bears a heavy burden to prove that the non-diverse defendant was improperly joined, see McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). If no reasonable basis of recovery exists, the Court may determine that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants. Id. (citation omitted).

### B. Application

The Amies' motion for remand depends on whether plaintiffs have asserted a valid cause of action against the local defendant, Schaumburg. State Farm contends that the Amies cannot do so because, even if the Amies' allegations are true, plaintiffs cannot recover against Schaumburg: their claims are perempted or prescribed under Louisiana law.

"After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). Determining whether a party was fraudulently joined necessarily includes consideration of the merits of that defendant's affirmative defenses. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 753 (5th Cir. 1996).

The Amies' claims arise from Schaumburg's alleged failure to procure adequate insurance for them.  State Farm says that the provisions of La. R.S. 9:5606 bar plaintiffs claims.

First, State Farm notes that plaintiffs' claims against their agent for failure to procure adequate insurance coverage are barred by the three-year peremption provisions of La. R.S. 9:5606.  La. R.S. 9:5606, which became effective in 1991, provides:

> No action for damages against any insurance agent...whether based upon tort, breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed...within one year from the date of the alleged act, omission, or neglect, or within one year form the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Thus, the statute expressly requires an action be brought within

7

three years of the wrongful conduct, regardless of when it was discovered.

The Amies bought the policy at issue in 1990 from Schaumburg and renewed the policy each year thereafter. La. R.S. 9:5606 became effective the year after Schaumburg procured the policy but before the plaintiffs' property was damaged during Hurricane Katrina. The statute does not apply if the Amies' cause of action accrued before its effective date. See La. Sess. Law Serv. Act 764 (West); Roger v. Dufresne, 613 So.2d 947, 949-50 (La. 1993). Accordingly, the Court must determine (a) whether the Amies' claims against Schaumburg accrued *after* 1991 such that La. R.S. 9:5606 applies; and (b) if so, whether the Amies filed this suit within three years of Schaumburg's wrongful conduct. (If the Amies' claims against Schaumburg accrued in 1990, then the three-year peremptive period does not bar their claims.)

The Court finds that La. R.S. 9:5606 applies because the plaintiffs' cause of action did not accrue until 2005, after the effective date of the statute. Under Louisiana Civil Code article 3492, a plaintiff's cause of action does not accrue until the plaintiff suffers damage. See Cole v. Celotex, 599 So.2d 1058, 1064 n.15 (La. 1992); see also Grenier v. Medical Engineering Corp., 243 F.3d 200, 203 (5th Cir. 2001); Dobson v. Allstate Insurance Co., No. 06-0252, 2006 WL 2078423, at *6 (E.D. La. July 21, 2006) (Vance, J.). In a tort suit like this, the action

accrues the moment when damage has occurred. See Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524 (5th Cir. 1995).

The key to accrual in this case, therefore, is determining when the Amies suffered damage. Schaumburg allegedly gave the Amies bad advice in 1990. But the Amies' damage -- the uninsured loss and denial of coverage -- was sustained in 2005 as a result of the storm and not, as the Amies suggest is theoretically possible, when they originally purchased their policy in 1990. The Amies seek to avoid application of the peremptive statute by arguing that their cause of action accrued at the same time that they purchased their policy. But "a sine qua non for accrual of a cause of action is damages." Cole, 599 So.2d at 1064 n. 15. The Amies' mere suggestion that they might have suffered some damage when they purchased their policy in 1990 is unacceptably theoretical.[2]

Because plaintiffs suffered no damage until Hurricane Katrina struck, and then were denied coverage for their losses, their cause of action accrued after the effective date of La. R.S. 9:5606. Thus, La. R.S. 9:5606 applies to the Amies' claims against Schaumburg. The Court must now focus on the reference point for peremption: when did Schaumburg's alleged wrongful acts occur?

---

[2] "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).

9

Unlike determining when an action has accrued, the three-year peremptive period begins to run regardless of when one suffers damage; rather the peremptive period is measured from when the alleged wrongful acts, here Schaumburg's bad advice, occurred. Again, the terms of the statute are clear: "...even as to actions filed within one year from the date of such discovery, in all events such **actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect**." La.R.S. 9:5606 (emphasis added).

Schaumburg's wrongful conduct (and thus when the peremptive period begins to run) occurred when he sold the Amies the policy in 1990, as that is when he allegedly misrepresented the type of policy sold or his explanation of policy coverage. See Bel v. State Farm Mutual Automobile Ins. Co., 845 So.2d 377 (La.App. 1 Cir. 2/14/03) (finding plaintiff's claims perempted because peremptive period began to run on date when agent allegedly misrepresented the type of coverage and allegedly gave bad advice).

Application of this peremptive provision is fatal to the plaintiffs' claims against Schaumburg, as Schaumburg's alleged wrongful acts occurred in 1990 when the Amies purchased their policy.[3]  Moreover, yearly policy renewals do not restart the

---

[3] Plaintiffs do not suggest that new misrepresentations about their policy or additional bad advice occurred after they bought their policy; indeed, Schaumburg's sworn affidavit that the last communication he personally had with plaintiffs was when they purchased their policy is uncontroverted.

clock on the insurance agent's alleged wrongful conduct. <u>See</u> <u>Biggers v. Allstate Ins. Co.</u>, 886 So.2d 1179, 1182-83 (La.Ct.App. 2004)(subsequent renewals of insurance policies do not restart the prescriptive period on torts committed at the time of initial purchase); <u>see</u> <u>also</u> <u>Bordelon v. The Indep. Order of Foresters</u>, No. 05-2640, 2005 WL 3543815, at *3 (E.D. La. Oct. 4, 2005). Plaintiffs did not file suit until 2006, thirteen years after their claims against Schaumburg have been perempted.

Because the Amies' claims against Schaumburg are perempted under Louisiana law, this Court finds no "reasonable basis for the plaintiff[s] to establish liability" against Schaumburg. <u>See</u> <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003). Because the in-state defendant, Schaumburg, has been improperly joined, the Court must disregard his citizenship in assessing diversity jurisdiction; thus, the parties in this case are completely diverse.[4] Having determined that this Court has diversity jurisdiction, State Farm's removal was proper.

---

[4] "[R]emoval requires the consent of all co-defendants.... [H]owever, application of this requirement to improperly or fraudulently joined parties would [defy reason, because] removal in those cases is based on the contention that no other proper defendant exists." <u>Jernigan v. Ashland Oil Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993). Because the Court finds that the in-state defendant, Schaumburg, has been improperly joined, his consent to removal is not required. <u>See</u> <u>Troy Tomlinson and Troy Tomlinson, Inc. d/b/a Real Estate Network v. St. Paul Fire & Marine Insurance Company, et al.</u>, No. 06-3273 (E.D. La. September 12, 2006) (Feldman, J.).

Accordingly, the plaintiffs' motion to remand is DENIED.[5] The plaintiffs' claims against defendant Schaumburg are hereby dismissed. Defendant Schaumburg's motion to dismiss for insufficiency of service of process is DENIED as moot.

New Orleans, Louisiana, September 13, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Because State Farm properly removed this case pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, this Court does not reach whether State Farm's alternative bases for jurisdiction, that is whether the Court has original or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act 28 U.S.C. §§ 1369 and 1441(e)(1).