```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CRAIG AMIE and TINA AMIE                           CIVIL ACTION

v.                                                 NO. 06-3416

STATE FARM FIRE AND CASUALTY COMPANY,              SECTION "F"
ED SCHAUMBURG, and ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration or motion for new trial regarding plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

The Amies' property was damaged during Hurricane Katrina in August 2005. State Farm has refused to pay, contending that the property was damaged or destroyed by flood, not wind, which State Farm maintains is a non-covered cause of loss. The Amies filed suit in state court against State Farm and the agent that sold them their policy, Ed Schaumburg. State Farm removed the suit to this Court.

The Amies moved to remand this case back to the 34th Judicial District for the Parish of St. Bernard. On September 13, 2006, the Court determined that it had diversity jurisdiction and denied the plaintiffs' motion to remand. Determining that he was improperly joined because the Amies' claim against him had been perempted, the

1

Court disregarded Ed Schaumburg's citizenship in its diversity of citizenship determination.  The Amies now ask the Court to reconsider its September 13 ruling.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying remand and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake

2

of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

The Amies urge the Court to follow decisions recently rendered by other judges in the Eastern District of Louisiana.  State Farm counters that the other decisions are distinguishable from the facts of this case, and this Court agrees.  A brief examination of the recently-decided decisions of other judges in the Eastern District confirms that the extraordinary remedy of reconsideration is not warranted.  These issues are fact-driven and have only one common thread:  the presence of the insurance agent as a defendant.

The plaintiffs maintain that this Court erred in finding that their claims against their local defendant insurance agent, Ed Schaumburg, were perempted.  The Amies contend that the Court should reach the same result, namely remand, as in Richmond v.

Chubb Group of Ins. Companies, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006)(Africk, J).  In Richmond, the court determined that the defendants did not prove that the plaintiffs' claim against their local insurance agent was perempted.  But Richmond is distinguishable.  There, the court was unable to determine from the plaintiffs' complaint when it was that the insurance agent gave the bad advice.  And there is no mention in Richmond of any evidence submitted by the parties to enable the Court to pierce the pleadings to aid in that determination.

    Here, the Court was unable to determine from the face of the pleadings whether the Amies' claim against Mr. Schaumburg was perempted.  However, Mr. Schaumburg submitted an affidavit stating that he has had no contact with the Amies regarding their homeowners policy since its issuance on December 14, 1990.  While Tina Amie also submitted an affidavit in support of the plaintiffs' motion to remand, she did not indicate any dates or time frame during which Mr. Schaumburg gave his bad advice; nor does she dispute that she and her husband have not had any contact with Mr. Schaumburg since 1990.  Thus, the Court is not faced with conflicting affidavits on the issue, and there is no contested issue of fact to resolve in the plaintiffs' favor.[1]  And no new

---

[1] The Court notes that this situation is also distinguishable from Botnick v. Vigilant Insurance Co., No. 06-2595, 2006 WL 2947912 (E.D. La. Oct. 13, 2006) (Vance, J.), which was decided after the Amies filed their motion for reconsideration. In Botnick, conflicting affidavits reflected the existence of a

evidence is presented to the Court to undermine its September 13 Order and Reasons.[2]

The other decisions the plaintiffs urge the Court to consider are likewise distinguishable. See Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.) (remanding case to state court where amount in controversy was not facially apparent from the plaintiff's complaint and the defendant failed to identify facts in controversy that support a finding of the requisite amount); Southern Athletic Club, LLC v. The Hanover Ins. Co., No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006) (Lemmon, J.) (remanding case to state court after determining that plaintiff's suit was filed within the peremption period because

---

factual dispute regarding whether the defendant insurance agent's bad advice took place within the three-year peremptive period. Id. at *7. In fact, Botnick's affidavit provided dates and suggested that the policy was renewed without any communications between the parties. Id. Accordingly, the court's summary inquiry was inconclusive and the court could not find improper joinder on the basis of peremption. Id.

[2] The Court notes yet another decision that is factually distinguishable Fidelity Homestead Assoc. v. The Hanover Ins. Company, No. 06-3511, 2006 WL 2873562 (E.D. La. Oct. 5, 2006) (Berrigan, J.), which was also decided after the Amies filed their motion for reconsideration. In Fidelity Homestead, the plaintiff presented evidence that its representatives had yearly meetings with their defendant insurance agents before policy renewal and that, at those meetings, the parties discussed whether all necessary and proper coverages had been procured. Id. at *3. Accordingly, the court determined that the acts at the meetings may constitute separate torts so that there was a reasonable possibility that the claims against the insurance agents were not perempted. Id. Here, however, the Amies have not alleged (or submitted any evidence) to refute Mr. Schaumburg's sworn affidavit that there has been not contact since 1990.

5

yearly policy renewals were not merely automatic, but that there was communication between plaintiff and defendant insurance agent prior to yearly policy renewal dates); <u>Flint v. Louisiana Farm Bureau Mutual Ins. Co.</u>, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (remanding case to state court solely on the ground that the Multiparty, Multiforum, Trial Jurisdiction Act did not provide a basis for the exercise of subject matter jurisdiction).

Because the plaintiffs have failed to present newly discovered evidence and have failed to show that there was a mistake of law or fact, they have failed to persuade the Court to reconsider its September 13 Order and Reasons.

Accordingly, the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, October 25, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE